IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLUKAYODE A. ADEWOLE, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-06762 |
| | ) | |
| SOUTHWEST CREDIT SYSTEMS, LP | ) | |
| AND COMCAST CORPORATION, | ) | Hon. John Robert Blakey |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

1. **Type of Initial Status Report (i.e., Joint or Individual).** The Court expects the parties to file a joint status report on behalf of all parties. If you are filing an individual report, or filing a joint report on behalf of fewer than all parties, explain why.

    **Plaintiff is filing a joint status report with Defendant Southwest Credit Systems. Comcast Corporation has not yet been served and has not consented to waiver of service.**

2. **Service of Process.** If Plaintiff has failed to complete service of process on all defendants, then counsel must describe the efforts to perfect service to date, and provide an estimate for completion of service consistent with Federal Rule of Civil Procedure 4.

    **Service has been completed on Southwest Credit Systems, LP.**

    **Service has not been completed on Defendant, Comcast Cable Communications Management, LLC. Plaintiff is in discussion with Comcast about waiving service of process. Plaintiff anticipates that service on Comcast will be completed within the next thirty (30) days.**

3. **The Nature of the Case.**

    a. Identify the attorneys of record for each party, and note the lead trial attorney for each party, any local counsel, and the relevant bar membership(s) of each counsel,

including status of any membership in the trial bar of the Northern District of Illinois (Local Rule 83.11).

**Attorney for Plaintiff Olukayode A. Adewole**

**Kehinde Durowade (Lead Trial Attorney)**
**Chico & Nunes, P.C.**
**333 W. Wacker Drive, Suite 1420**
**Chicago, Illinois 60606**
**(312) 884-5652**
**kdurowade@chiconunes.com**
**Member of the Northern District of Illinois Bar**
**Not currently a member of the Trial Bar of the Northern District of Illinois**

**Attorney for Defendant Southwest Credit Systems, LP**

**Patrick Allen Watts (Lead Trial Attorney)**
**Local Counsel for Southwest Credit Systems, LP**
**150 S. Wacker Dr. Suite 2400**
**Chicago, Illinois 60606**
**(312) 725-8267**
**pwatts@swattslaw.com**
**Member of the Northern District of Illinois Bar**

b. State the basis for federal jurisdiction and, if based upon a requisite threshold amount in controversy, state whether the parties agree that the amount in controversy exceeds that threshold, and include a concise explanation of how the evidence supports that statement, and if based upon diversity, then state the domicile of all parties. Note: if any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner of each such entity. See Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 692-93 (7th Cir. 2003) (explaining that, for purposes of diversity jurisdiction, partnerships and limited liability companies are citizens of every state of which any member is a citizen).

**Jurisdiction is based upon diversity of citizenship. Plaintiff is an Illinois citizen and Defendant, Southwest Credit Systems, LP is a Texas corporation, with its principal place of business in Texas. Plaintiff is in the process of verifying the names and domiciles of each limited partner of Southwest Credit Systems, LP. Comcast Cable Communications Management, LLC is a Pennsylvania limited liability company, with its principal place of business in Philadelphia, Pennsylvania. Comcast's sole Manager is also domiciled in Philadelphia, Pennsylvania. Plaintiff is seeking damages in the amount of One Hundred Thousand Dollars and 00/100 ($100,000.00), which**

2

**exceeds the amount in controversy threshold of Seventy Five Thousand Dollars and 00/100 ($75,000.00).**

    c. Describe the nature of the claims asserted in the complaint and any counterclaims or affirmative defenses.

**Plaintiff alleges that Defendants engaged in libelous and harassing conduct in the pursuit of a debt he does not owe, and which he has disputed numerous times.**

**Defendant has not filed an answer, affirmative defenses or counterclaims. Defendant has filed a motion to dismiss. Defendant Southwest Credit Systems will lay out its responsive pleading complete with arguments and affirmative defenses if necessary once the motion to dismiss is ruled upon.**

    d. State the major legal and factual issues anticipated in the case.

**Whether Defendants' conduct constituted libel and harassment.**

    e. Describe the type and calculation of damages, and any other relief sought by the plaintiff.

**Plaintiff is seeking $100,000.00 in damages for harassment and emotional distress.**

4. **Pending Motions and Case Plan.**

    a. Identify all pending motions.

**Defendant, Southwest Credit Systems, LP has filed a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). A response to the motion is due on November 28, 2019.**

**Southwest filed a motion to remove this matter from state court to federal court and pursuant to this Court's November 7, 2019 order, Southwest filed Comcast's consent to the removal on November 13, 2019.**

**Plaintiff anticipates seeking leave of court to amend the complaint.**

    b. For all cases subject to the "Mandatory Initial Discovery Pilot" (MIDP) Project, all parties and counsel must certify compliance with the MIDP Standing Order, which is available on the Court's homepage http://www.ilnd.uscourts.gov/_assets/_documents/MIDP%20Standing%20Order.pdf.

**Plaintiff and Defendant Southwest Credit Systems have reviewed the MIDP requirements and intend to comply with them. Plaintiff and Defendant Southwest Credit Systems understand that their MIDP obligations are suspended pending the resolution of Defendant Southwest Credit Systems' Rule 12(b)(6) motion to dismiss.**

    c. Counsel for all parties must also submit an updated proposal for traditional discovery and a case management plan, including the following information:
        i. The general type of traditional discovery needed, including any potential electronic discovery or bifurcated discovery;
        ii. A date for Rule 26(a)(1) disclosures;
        iii. A date to issue written discovery;
        iv. The need for, and content of, any proposed confidentiality orders, in accordance with the Local Rules for the Northern District of Illinois (parties should start with the model confidentiality order, file a motion seeking entry of the order and send a redlined version and a clean Word version to proposed order blakey@ilnd.uscourts.gov);
        v. The need for, and content of, any Health Insurance Portability and Accountability Act (HIPAA) waivers;
        vi. A fact discovery completion date;
        vii. Whether there will be expert discovery, and, if so, an expert discovery completion date (including proposed deadlines for expert disclosures and depositions);
        viii. A proposed date for the filing of dispositive motions (if any); and
        ix. A tentative trial date.

**Plaintiff and Defendant Southwest Credit Systems suggest deferring discovery schedule pending the outcome of defendant's Rule 12(b)(6) motion to dismiss or Plaintiff's anticipated motion for leave to file an amended complaint.**

5. **Consent to Proceed Before a Magistrate Judge.**

Confirm that the parties have discussed the advantages of a Magistrate Judge referral, and indicate whether the parties have unanimously consented to proceed before the assigned Magistrate Judge. Every case has an assigned Magistrate Judge, and in civil cases the parties may consent to have the assigned Magistrate Judge preside over the entire case including trial. In many cases, consent to refer the entire case to the Magistrate Judge may offer significant efficiencies. All counsel in civil cases must inform their clients of this option and discuss it with opposing counsel. Should the parties elect to do so, they should notify Judge Blakey's Courtroom Deputy at (312) 818-6699, and the case will be reassigned upon receipt of the signed consent form.

**Plaintiff has not yet made a decision about proceeding before a Magistrate Judge.**

**Defendant Southwest Credit Systems does not consent to referral to a Magistrate Judge.**

6. **Status of Settlement Discussions**.

    a. Describe the status of settlement discussions; and

    b.    Indicate whether the parties request a settlement conference. Note: cases are often referred for a settlement conference at the close of fact discovery, if not requested sooner by the parties.

**Plaintiff is in settlement discussions with both defendants. Plaintiff believes a settlement conference is premature at this stage.**

| | |
|---|---|
| /s/ Kehinde A. Durowade | /s/Patrick A. Watts |
| Attorney for Plaintiff | Attorney for Defendant, Southwest Credit Systems, LP |
| Kehinde A. Durowade | PATRICK A. WATTS |
| State Bar 6308925 | State Bar No. 6302112 |
| Chico & Nunes, P.C. | 150 South Wacker Dr. Ste. 2400 |
| 333 W. Wacker Dr., Ste. 1420 | Chicago, Illinois 60606 |
| Chicago, Illinois, 60606 | pwatts@mamlaw.com |
| (312) 884-5652 | (314) 669-5490 |
| kdurowade@chiconunes.com | |

## **CERTIFICATE OF SERVICE**

  I, Kehinde A. Durowade, an attorney, hereby certify that on this 14th day of November, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                 /s/ Kehinde A. Durowade